UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DEBORAH DONOGHUE and MARK RUBENSTEIN,

                Plaintiffs,

-v-

LEONARD TANNENBAUM,

                Defendant,

and

OAKTREE SPECIALTY LENDING CORPORATION,

                Nominal Defendant.

21 Civ. 4770 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

      This case involves claims for recovery of short-swing profits under Section 16(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78p(b). Defendant Leonard M. Tannenbaum has moved to dismiss plaintiffs' First Amended Complaint, Dkt. 23, under Federal Rule of Civil Procedure 12(b)(6), or alternatively, for conversion of this motion into one for summary judgment under Federal Rule of Civil Procedure 56, Dkt. 25 ("MTD"), and seeks a stay of discovery pending the resolution of this motion, Dkt. 32.

      On October 12, 2021, the Court held an initial conference, at which it discussed at the length with counsel the MTD, which posits that the alleged purchase-and-sale transaction was an "unorthodox transaction" falling outside the scope of § 16(b). *See* Dkt. 26 (citing, *e.g.*, *Kern Cty Land Co. v. Occidental Petroleum Grp.*, 411 U.S. 582, 593–94 & nn. 24, 26 (1973); *Am. Standard. Inc. v. Crane Co.*, 510 F.2d 1043 (2d Cir. 1974), *cert. denied*, 421 U.S. 1000; *Makofsky v. Ultra Dynamics Corp.*, 383 F. Supp. 631 (S.D.N.Y. 1974)). That argument in turn

centers on the first leg of the transaction, and the circumstances under which Tannenbaum voted on the merger between OCSI and OCSL that resulted in his receipt of the shares at issue. At the conference, the Court indicated its preliminary view that this issue appeared to turn on facts not cognizable on a motion to dismiss, in particular, facts relating to the voting instructions Tannenbaum had given to OCSI and OCSL with respect to the merger, but that converting the motion into one for summary judgment appeared to be a sensible and efficient way to litigate the potentially decisive issue of whether the transaction was unorthodox. The Court asked counsel to submit a letter proposing a limited discovery plan tailored to such issues, in anticipation of a possible order converting the motion into one for summary judgment. On October 13, 2021, counsel submitted such a plan. It defines the scope of document production and interrogatories, and of a one-hour deposition of Tannenbaum. *See* Dkt. 38.

The Court now—consistent with its stated inclination at the conference—denies Tannenbaum's motion to dismiss, converts that motion into one for summary judgment on the question of whether the transaction at issue was an unorthodox transaction within the meaning of Section 16(b), approves the parties' limited discovery plan, and stays all other discovery.

Federal Rule of Civil Procedure 12(d) provides that "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." "The essential inquiry in determining whether it is appropriate to convert a motion [to dismiss] into a motion for summary judgment is 'whether the non-movant should reasonably have recognized the possibility that the motion might be converted into one for summary judgment or was taken by surprise and deprived of a reasonable opportunity to meet facts outside the pleadings.'"

*Costor v. Sanders,* No. 07 Civ. 11311 (NRB), 2009 WL 1834374, at *2 (S.D.N.Y. June 16, 2009) (quoting *Krijn v. Pogue Simone Real Estate Co.*, 896 F.32d 687, 689 (2d Cir.1990)). "Ordinarily, formal notice is not required where a party 'should reasonably have recognized the possibility that the motion might be converted into one for summary judgment [and] was [neither] taken by surprise [nor] deprived of a reasonable opportunity to meet facts outside the pleadings.'" *Hernandez v. Coffey,* 582 F.3d 303, 307 (2d Cir. 2009) (quoting *Villante v. Dep't of Corr. of City of N.Y.,* 786 F.2d 516, 521 (2d Cir. 1986)).

Here, there was ample such notice. Tannenbaum proposed converting his motion to dismiss into one for summary judgment on the discrete question raised by his motion to dismiss, the Court ventilated that issue with counsel at the October 12 pretrial conference, and the parties thereafter submitted the limited discovery plan in anticipation of the conversion of the motion into one for summary judgment.

The Court directs that the discovery contemplated in the parties' joint discovery plan be completed by **November 15, 2021**. Any motion for summary judgment thereafter will be due **December 1, 2021**; any opposition is due **December 15, 2021**; and any reply is due **December 22, 2021**. In the event that the defense elects not to move for summary judgment, it is to notify the Court immediately upon making such a determination, so to permit the Court, in consultation with counsel, to approve a case management plan for the balance of pretrial litigation.

The Clerk of Court is respectfully directed to terminate the motions at docket 25 and 32.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: October 15, 2021
New York, New York