UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DEBORAH DONOGHUE
and MARK RUBENSTEIN,

          Plaintiffs,

        v.

OAKTREE SPECIALTY LENDING
CORPORATION

          Nominal Defendant,

and LEONARD M. TANNENBAUM,

          Defendant.

Case No. 21-CV-4770-PAE

**[PROPOSED] STIPULATED
CONFIDENTIALITY AGREEMENT
AND PROTECTIVE ORDER**

---

PAUL A. ENGELMAYER, District Judge:

WHEREAS, the plaintiffs, defendant and nominal defendant (collectively, only for purposes of this Protective Order, the "Parties" and each individually, a "Party") submit this proposed Protective Order to be ordered by the Court pursuant Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action and that the Parties may seek to submit to the Court in connection with this litigation; and

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds that good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action; and

IT IS HEREBY ORDERED that the Parties, their respective officers, agents, servants, employees, and attorneys, any other person in active concert or participation with any of the foregoing, and all other persons with actual notice of this Order, will adhere to the following terms:

1.      With respect to "Discovery Material" (*i.e.*, information of any kind produced or disclosed in the course of discovery in this action) that a Party or person has designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to this Order, no person subject to this Order may disclose such Confidential or Highly Confidential – Attorneys' Eyes Only Discovery Material to anyone else except as expressly permitted hereunder.

2.      The Party producing or disclosing Discovery Material (each, a "Producing Party") may designate as Confidential the portion of such material that it reasonably and in good faith believes consists of:

  a.   previously non-disclosed financial and valuation information;

  b.   previously non-disclosed material relating to ownership or control of any non-public company;

  c.   previously non-disclosed commercially sensitive nonpublic information;

  d.   any other category of information given confidential status by this Court after the date of this Order.

3.      The Party producing or disclosing Discovery Material may designate as Highly Confidential–Attorneys' Eyes Only only the portion of such material that it reasonably and in good faith believes consists of:

  a.   highly sensitive information, such as current trade secrets or other highly sensitive business-related financial or commercial information, the unauthorized disclosure of which is likely to result in imminent competitive, commercial, or financial harm to the Producing Party or its personnel or shareholders; or

  b.   material that a producing party believes in good faith would not otherwise be adequately protected under the procedures set forth herein for Confidential Information.

2

Upon the production of any Discovery Material designated as Highly Confidential – Attorneys' Eyes Only, the Parties agree to meet and confer promptly at the request of any Receiving Party to discuss the designation; and, if they cannot agree on the designation, they will address their dispute to this Court in accordance with Paragraph 12 and the Court's Individual Rules of Practice.

4.     With respect to the Confidential or Highly Confidential – Attorneys' Eyes Only portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as Confidential or Highly Confidential – Attorneys' Eyes Only by: stamping or otherwise clearly marking as Confidential or Highly Confidential – Attorneys' Eyes Only the protected Discovery Material or portion thereof in a manner that will not interfere with legibility or audibility.

5.     A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential or Highly Confidential – Attorneys' Eyes Only either by:

    a.   indicating on the record during the deposition that a question calls for Confidential or Highly Confidential – Attorneys' Eyes Only information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or

    b.   notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated Confidential or Highly Confidential – Attorneys' Eyes Only, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel.

During the 1-week period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential.

6.      If at any time before the trial of this action a Producing Party realizes that it should have designated as Confidential or Highly Confidential – Attorneys' Eyes Only some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by notifying all Parties in writing.  Thereafter, all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential or Highly Confidential – Attorneys' Eyes Only.  In addition, the Producing Party shall provide each other Party with replacement versions of such Discovery Material that bears the Confidential or Highly Confidential – Attorneys' Eyes Only designation within two (2) business days of providing such notice.

7.      Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

8.      Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

  a.   the Parties to this action, their insurers, and counsel to their insurers;

  b.   counsel of record for this action, including any paralegal, clerical, contracted support personnel, or other assistant that such counsel employs and assigns to this matter;

  c.   outside vendors or service providers (such as litigation support service providers, copy-service providers and document-management consultants) that counsel hire and assign to this matter;

  d.   as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

  e.   stenographers engaged to transcribe depositions the Parties conduct in this action; and

  f.   this Court, including any appellate court, its support personnel, and court reporters.

4

9.      Under no circumstances shall counsel disclose any part of any Discovery Material designated as Highly Confidential – Attorneys' Eyes Only, or permit the same to be disclosed, given, shown, made available, summarized, excerpted, or communicated in any way to persons other than the following:

        a.  counsel of record for this action, including any paralegal, clerical, contracted support personnel, or other assistant that such counsel employs and assigns to this matter, but only to the extent necessary to assist counsel of record;

        b.  a person who created, sent or received documents designated as Highly Confidential – Attorneys' Eyes Only;

        c.  any person whose testimony is taken or is to be taken in the litigation, and in preparation therefore, but only if that person, or their employer, is the Producing Party of such documents designated as Highly Confidential – Attorneys' Eyes Only;

        d.  litigation support service companies specifically engaged by counsel of record for the limited purpose of assisting in the processing or production of electronically-stored information or in making photocopies of documents; or

        e.  stenographers engaged to transcribe depositions the Parties conduct in this action; and

        f.  this Court, including any appellate court, its support personnel, and court reporters.

10.     This Order binds the Parties and certain others to treat as Confidential or Highly Confidential – Attorneys' Eyes Only any Discovery Materials so classified.  The Court has not, however, made any finding regarding the confidentiality of any Discovery Materials, and retains full discretion to determine whether to afford confidential treatment to any Discovery Material designated as Confidential or Highly Confidential – Attorneys' Eyes Only hereunder.

11.     If a Party determines it is necessary to file Confidential or Highly Confidential – Attorneys' Eyes Only Discovery Material with this Court, or portions of any pleadings, motions, or

other papers that disclose such Confidential or Highly Confidential – Attorneys' Eyes Only Discovery Material ("Confidential Court Submission"), the filing Party will provide sufficient advance notice to the Producing Party to enable the Producing Party to seek the Court's permission that said document be filed under seal in accordance with Rule 4(B) of this Court's Individual Rules of Practice in Civil Cases. The Parties are aware that the Court will unseal documents if it is unable to make "specific, on the record findings . . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). If a Party's request to file any document under seal is rejected and the document is subsequently filed with the Court, the document will become publicly available and any Confidential or Highly Confidential-Attorneys' Eyes Only designation will no longer bind the Parties.

12.    Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with paragraph 2(C) of this Court's Individual Rules and Practices in Civil Cases.

13.    Any Party who requests additional limits on disclosure, may at any time before the trial of this action serve upon counsel for the recipient Parties a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with Rule 2(C) of this Court's Individual Rules and Practices in Civil Cases.

14.    Recipients of Confidential or Highly Confidential – Attorneys' Eyes Only Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any other purpose or in any other litigation proceeding, and such

Discovery Material shall not be disclosed, given, shown, made available, summarized, excerpted, or

communicated in any way to anyone other than as permitted in this Order. Nothing contained in this

Order, however, will affect or restrict the rights of any Party with respect to its own documents or

information produced in this action.

15.     Nothing in this Order will prevent any Party from producing any Confidential or

Highly Confidential – Attorneys' Eyes Only Discovery Material in its possession in response to a

lawful subpoena or other compulsory process, or if required to produce by law or by any government

agency having jurisdiction, provided that such Party gives written notice to the Producing Party as

soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days

before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to

oppose compliance with the subpoena, other compulsory process, or other legal notice if the

Producing Party deems it appropriate to do so.

16.     Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice

to their clients and, in the course thereof, relying generally on their examination of Confidential or

Highly Confidential – Attorneys' Eyes Only documents and/or information.

17.     Each person who has access to Discovery Material designated as Confidential or

Highly Confidential – Attorneys' Eyes Only pursuant to this Order must take all due precautions to

prevent the unauthorized or inadvertent disclosure of such material.

18.     Within 60 days of the final disposition of this action – including all appeals – all

recipients of Confidential or Highly Confidential – Attorneys' Eyes Only Discovery Material must

either return it – including all copies thereof – to the Producing Party, or, upon permission of the

Producing Party, destroy such material – including all copies thereof. After the 60-day deadline,

upon request of the Producing Party, the recipient must certify its return or destruction by submitting

a written certification to the Producing Party that affirms that it has not retained any copies, abstracts,

7

compilations, summaries, or other forms of reproducing or capturing any of the Confidential or Highly Confidential – Attorneys' Eyes Only Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential or Highly Confidential – Attorneys' Eyes Only Discovery Material. Any such archival copies that contain or constitute Confidential or Highly Confidential – Attorneys' Eyes Only Discovery Material remain subject to this Order.

19.     This Order will survive the termination of the litigation and will continue to be binding upon all persons subject to this Order to whom Confidential or Highly Confidential – Attorneys' Eyes Only Discovery Material is produced or disclosed.

20.     This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder.

SO STIPULATED AND AGREED:

Jointly Respectfully Submitted,

Miriam Tauber (MIRIAM TAUBER LAW PLLC)
*Attorney for Plaintiffs Donoghue and Rubenstein*

Jeffrey A. Udell (WALDEN MACHT & HARAN LLP)
*Attorneys for Defendant Tannenbaum*

Bradley R. Bobroff (PROSKAUER ROSE LLP)
*Attorney for Nominal Defendant*
*Oaktree Specialty Lending Corporation*

SO ORDERED:

Dated:   10/4/23
        New York, New York

Honorable Paul A. Engelmayer
United States District Court Judge

8

compilations, summaries, or other forms of reproducing or capturing any of the Confidential or Highly Confidential – Attorneys' Eyes Only Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential or Highly Confidential – Attorneys' Eyes Only Discovery Material. Any such archival copies that contain or constitute Confidential or Highly Confidential – Attorneys' Eyes Only Discovery Material remain subject to this Order.

19.    This Order will survive the termination of the litigation and will continue to be binding upon all persons subject to this Order to whom Confidential or Highly Confidential – Attorneys' Eyes Only Discovery Material is produced or disclosed.

20.    This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder.

SO STIPULATED AND AGREED:

Jointly Respectfully Submitted,

_____
Miriam Tauber (MIRIAM TAUBER LAW PLLC)
*Attorney for Plaintiffs Donoghue and Rubenstein*

Jeffrey A. Udell (WALDEN MACHT & HARAN LLP)
*Attorneys for Defendant Tannenbaum*

_____
Bradley R. Bobroff (PROSKAUER ROSE LLP)
*Attorney for Nominal Defendant*
*Oaktree Specialty Lending Corporation*

SO ORDERED:

Dated:    _10/4/23_____
New York, New York

_____
Honorable Paul A. Engelmayer
United States District Court Judge

8